FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 2 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

JOSEPH MERMELSTEIN,

              Defendant.
----------------------------------------------------------X

05 CR 0037 (SJ) (SMG)

**MEMORANDUM AND ORDER**

A P P E A R A N C E S

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201
By:    Charles S. Kleinberg, Esq.
Attorney for the United States

BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
New York, NY 10036
By:    Jonathan N. Halpern, Esq.
Attorney for the Defendant

JOHNSON, Senior District Judge:

        Presently before the Court is a Report and Recommendation ("Report") prepared by Magistrate Judge Steven M. Gold.[1] Judge Gold filed the Report on March 16, 2007, and provided the parties with the requisite amount of time to file any objections. Joseph Mermelstein ("Defendant") and the government timely filed their objections to the Report on April 20, 2007. For the reasons stated herein, this Court affirms and adopts the Report in its entirety.

---

[1] The Court thanks Judge Gold for his efforts in this regard.

1

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

In his Report, Judge Gold made the following recommendations:

(1) Defendant's motion to dismiss the first superseding indictment ("S-1") be granted with respect to the serious bodily injury charge in Count One, and in all other respects be denied;

(2) Defendant's motion to dismiss the second superseding indictment ("S-2") be granted to the extent that:

    (a) the government be precluded from proving or arguing at trial that the injuries sustained by patients N.S., J.R., F.L. and M.S. constitute serious bodily injuries as charged in Count Two of S-2;

    (b) the government be permitted to prove or argue at trial that the injury sustained by patient V.D. constitutes a serious bodily injury as charged in

2

Count Two of S-2 only upon a proffer demonstrating that a finder could reasonably conclude that the injury satisfies the definition set forth in 18 U.S.C. § 1365(h)(3);

(c) the government's proof with respect to Count Four be limited to conduct that took place on or after July 30, 3002;

(d) the government be precluded from proving or arguing at trial that Defendant's statements and production of records to the Office of Professional Misconduct of the New York State Department of Health ("OPMC") constitute a violation of 18 U.S.C. § 1035 as charged in Count Three;

and in all other respects be denied;

(3) Defendant's motion to compel discovery about why the indictment in this case was signed by a designee of the United States Attorney and not by the United States Attorney herself be denied;

(4) Defendant's challenge to the admissibility of the statements he made and the records he produced to the OPMC be denied;

(5) Defendant's challenge to the admissibility of evidence of his affair with Josephine Crone be denied;

(6) Defendant's challenge to the admissibility of evidence of the "early" fraudulent claims and false statements be denied;

(7) Defendant's challenge to the admissibility of evidence concerning his treatment of patient Elizabeth McTigue and records relating to that treatment be granted;

3

(8) The government's application for a ruling that entries in Defendant's medical records be admitted for their truth be deferred until trial; and

(9) Defendant's motion to preclude the government's expert testimony be denied in its entirety.

Defendant argues in his objections to the Report that the government should not be allowed to offer Defendant's statements to OPMC as proof of a § 1035 conspiracy,[2] and that the government should not be allowed to offer any evidence of an alleged affair between Defendant and Josephine Crone. The government argues in its objections to the Report that a certain portion of the McTigue evidence, namely the evidence, including McTigue's first hand eyewitness testimony, showing that Defendant did not take McTigue's eye pressures ("McTigue Eye Pressure Evidence") should not be precluded.

After reviewing the Judge Gold's Report and the parties' objections, and after reviewing *de novo* those portions of the record to which the objections were made, the Court concludes that neither party has raised any arguments that would convince this Court to reject Judge Gold's well-reasoned recommendations. Accordingly, the Court affirms and adopts the Report in its entirety.

Finally, to the extent that the government's argument that the Court should not preclude the McTigue Eye Pressure Evidence amounts to a separate motion *in limine* to admit such evidence, the government's motion is denied for substantially

---

[2] This is an objection to recommendation (4), above, which is clearly distinct from recommendation (2)(d).

4

the same reasons Judge Gold set forth in his Report for precluding the government from introducing the broader category of McTigue evidence. Specifically, the McTigue Eye Pressure Evidence is criminal propensity evidence that does not fall within any category listed in Federal Rule of Evidence 404(b). Moreover, any probative value of admitting such evidence pales in comparison to its prejudicial value.

SO ORDERED.

/s/(SJ)

Dated: April 25, 2007
Brooklyn, NY

Senior United States District Judge

5

P-049