**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

**UNITED STATES OF AMERICA** :
:
   -against- : **ORDER**
:
**JOSEPH MERMELSTEIN,** : 05-CR-0037 (SJ)
:
    **Defendant.** :
:
-------------------------------------------------------------x

**GOLD, S., U.S.M.J.:**

During a hearing held on October 1, 2007, I directed the United States to produce the

transcripts of the grand jury proceedings leading to Indictment S-4 in this case because of the

reference in that indictment to serious bodily injury. I had previously recommended that the

government be precluded from proving or arguing at trial that defendant's conduct caused his

patients to sustain serious bodily injuries, *see* Docket Entry 140, and my recommendation had

been adopted. *See* Docket Entry 146. The reference to serious bodily injury in a subsequently

returned indictment was the basis for my order directing production of the relevant grand jury

minutes. My order further provided that the government could produce portions of the minutes it

believed should not be disclosed for *in camera* review.

By letter dated October 9, 2007, filed in camera and under seal, the government produced

the grand jury minutes at issue to the defendant and the court. However, certain portions of the

minutes were redacted from the copy of the minutes produced to the defendant. By letter of

today's date, defendant objects to the redactions made by the government and seeks an order

directing disclosure of the entire, unredacted transcript of the proceedings before the grand jury

that returned Indictment S-4.

Since the proceeding held before me on October 1, 2007, the grand jury has returned

indictment S-5.  The new indictment makes no reference to serious bodily injury, and the indictment appears to be valid on its face.  The return of S-5 thus calls into question the relevance of the proceedings leading to Indictment S-4.  Moreover, grand jury proceedings enjoy a presumption of regularity, and a defendant's complaint about the quality or adequacy of evidence presented to a grand jury, or the failure to present exculpatory evidence to a grand jury, are not proper bases for judicial review of a facially valid indictment.  *See United States v. Williams*, 504 U.S. 36, 54-55, 112 S. Ct. 1735, 1746 (1992); *United States v. Shyne*, 2007 WL 1075035, at *9 (S.D.N.Y. Apr. 5, 2007); *United States v. Urso*, 2006 WL 681204, at *6 (E.D.N.Y. Mar. 16, 2006).  Indeed, an indictment valid on its face may not be challenged even on the grounds that the grand jury heard evidence obtained in violation of a defendant's constitutional rights.  *See United States v. Calandra*, 414 U.S. 338, 345, 94 S. Ct. 613, 618 (1974).

Because the grand jury has returned a new indictment that makes no reference to serious bodily injury, any alleged impropriety with respect to the grand jury proceedings leading to the issuance of S-4 is no longer relevant.  Moreover, because the currently pending indictment, S-5, is valid on its face, there is no basis for judicial inquiry into the circumstances leading to its return.  Accordingly, defendant's application for an order directing disclosure of unredacted minutes of grand jury proceedings is denied.

**SO ORDERED.**

_____/s/_____
**STEVEN M. GOLD**
**United States Magistrate Judge**

**Brooklyn, New York**
**October 11, 2007**
C:\MyFiles\mermelstein 101107.wpd